NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PETER L. CARATINI, | : |
| | : CIV. NO. 20-8924 (RMB-JS) |
| Plaintiff | : |
| | : |
| v. | : **MEMORANDUM AND ORDER** |
| | : |
| ADMINISTRATOR JOHN POWELL | : |
| *et al.*, | : |
| | : |
| Defendants | : |

BUMB, DISTRICT JUDGE

Plaintiff Peter L. Caratini, an inmate presently confined in South Woods State Prison in Bridgeton, New Jersey, filed this civil rights action in the United States District Court, Eastern District of Pennsylvania on June 25, 2020. (Compl., ECF No. 2.) The District Court for the Eastern District of Pennsylvania transferred venue to this Court on June 25, 2020. (Order, Dkt. No. 4.) In lieu of the filing fee, a prisoner may submit an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a), which provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff filed an IFP application but it does not contain the statutorily required certified copy of Plaintiff's prisoner trust fund account statement. Thus, the Court will administratively terminate this action, subject to reopening.[1]

The Court further notes that Plaintiff's complaint, including exhibits, is 307 pages long. Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to

---

[1] U.S.D.C. District of New Jersey Local Civil Rule 54.3(a) provides:

> Except as otherwise directed by the Court, the Clerk shall not be required to enter any suit, file any paper, issue any process or render any other service for which a fee is prescribed by statute or by the Judicial Conference of the United States, nor shall the Marshal be required to serve the same or perform any service, unless the fee therefor is paid in advance. The Clerk shall receive any such papers in accordance with L.Civ.R. 5.1(f).

relief[.]" Plaintiff has named twenty defendants in the complaint, including prison officials from two different prisons. Federal Rule of Civil Procedure 20, permissive joinder of parties, provides that defendants may be joined in one action if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(A), (B).

To avoid dismissal of the complaint for noncompliance with these rules, Plaintiff should file an amended complaint of no more than 20 pages. Exhibits are not necessary but may be attached. The complaint should state only the facts describing how and when each defendant is alleged to have violated Plaintiff's rights. If all defendants cannot be properly joined pursuant to Rule 20, Plaintiff must file more than one action, each requiring either prepayment of the filing fee, or payment of the filing fee in installments, in accordance with 28 U.S.C. § 1915.

**IT IS** therefore on this **17th day of July 2020**,

**ORDERED** that the Clerk of the Court shall administratively terminate this action; administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the

3

case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see <u>Jenkins v. Superintendent of Laurel Highlands</u>, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); <u>Dasilva v. Sheriff's Dept.</u>, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Plaintiff wishes to reopen this action, he shall so notify the Court in writing within 30 days of entry of this Order and submit an amended complaint and either the $400 filing and administrative fees or a properly completed application to proceed *in forma pauperis* under 28 U.S.C. § 1915 to the Clerk of Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th and Cooper Sts., Camden, New Jersey, 08101; upon receipt of this writing from Plaintiff, the Court will direct the Clerk to reopen this matter; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and accompanying Opinion, together with a blank form "Affidavit of Poverty and Account Certification (CIVIL RIGHTS)" and a blank form "Prisoner Civil Rights Complaint" upon Plaintiff by regular U.S. mail.

<u>S/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**

4