UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| PETER L. CARATINI, | : | |
| | : | Civ. No. 20-8924 (RMB-MJS) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ADMINISTRATOR JOHN POWELL, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

BUMB, District Judge

This matter comes before the Court upon Plaintiff's motion for reconsideration of this Court's order dismissing certain of his civil rights claims under 42 U.S.C. § 1983 with prejudice as barred by the statute of limitations (Mot. for Reconsideration, Dkt. No. 18.) Also before this Court, for *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2)(b), 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1) is Plaintiff's second amended complaint ("SAC") (Dkt. No. 19) and Plaintiff's motion for extension of time to file order to show cause. (Mot. for Extension of Time, Dkt. No. 20.) Plaintiff is a prisoner incarcerated in South Woods State Prison in Bridgeton, New Jersey, who brings Eighth Amendment conditions of confinement and First Amendment Claims against various prison officials and staff. For the reasons discussed below, the Court will vacate the dismissal with prejudice of Plaintiff's § 1983 claims based on the statute of limitations; grant Plaintiff an extension of time to file a third amended complaint; and dismiss as moot Plaintiff's motion for an extension of time to file an order to show cause, which this Court construes as seeking an extension of time to file a preliminary injunction.

1

I.      <u>MOTION FOR RECONSIDERATION</u>

By Opinion and Order dated May 14, 2021, this Court dismissed those of Plaintiff's civil rights claims in his second amended complaint (Dkt. No. 11) under 42 U.S.C. § 1983 that arose more than two years before he filed the original complaint on or about June 10, 2020. (Opinion and Order, Dkt. Nos. 13, 14.) The Court invited Plaintiff to file a motion for reconsideration if he could establish a basis for equitable tolling of the statute of limitations. Plaintiff timely filed a motion for reconsideration included within his second amended complaint, discussed below.

II.     SECOND AMENDED COMPLAINT

Plaintiff's second amended complaint (Dkt. No. 19) is in the form of a response and rebuttal to this Court's screening opinion of the amended complaint and various attachments, including legal letters addressed to New Jersey Governor Phil Murphy. Within this submission, Plaintiff states that he will file a [third] amended complaint to address the deficiencies found by this Court in his second amended complaint.

Federal Rule of Civil Procedure 8(a) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The second amended complaint, by including copies of letters sent to the Governor of New Jersey, does not put the defendants on notice of the claims brought against them *in this proceeding*. Thus, Plaintiff will be granted leave to file a third amended complaint that must comply with Rule 8(a)'s requirement of a short and plain statement alleging sufficient facts, as to each defendant, to show that Plaintiff is entitled to relief. The purpose of the rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." <u>Phillips v. Cty. of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (citing <u>Bell Atlantic</u>

v. Twombly, 127 S.Ct. at 1964.) "An amended complaint supersedes the original version," and therefore must contain all claims that Plaintiff wishes to pursue that can be joined together under Federal Rule of Civil Procedure 20. Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002). Plaintiff should not refer to the earlier complaints or make any legal arguments in the third amended complaint. Plaintiff's third amended complaint will be addressed anew.

As to Plaintiff's motion for reconsideration within his second amended complaint, Plaintiff alleges that he filed his original complaint in this Court in 2017 by handing it over to South Woods State Prison officials for mailing to the Newark courthouse. (Dkt. No. 19, ¶ 5.) Plaintiff received no response from the Court. (Id.) Plaintiff then resubmitted his complaint to South Woods State Prison officials for mailing to the Newark courthouse on October 27, 2018, and again received no response. (Id., ¶ 6.) Thus, Plaintiff seeks equitable tolling based on his belief that prison officials at South Woods State Prison never mailed his complaints to the court. (Id., ¶¶ 7-13.) This Court finds that Plaintiff has sufficiently pled a basis for equitable tolling at the screening stage of the complaint. The Court will vacate the Order dismissing with prejudice Plaintiff's § 1983 claims that arose more than two years before the filing of his complaint on June 10, 2020. Therefore, Plaintiff may assert these claims in his third amended complaint.

III.     MOTION FOR EXTENSION OF TIME

Plaintiff seeks leave to file an "Order to Show Cause" for a "Preliminary Injunction." (Dkt. No. 20 at 1.)  Plaintiff need not file an order to show cause nor does he require an extension of time. Once Plaintiff has filed a third amended complaint, he may file a motion for a temporary restraining order or preliminary injunction on any of the

claims raised in the third amended complaint for which he can establish entitlement to relief under Federal Rule of Civil Procedure 65. See, Hope v. Warden York Cty. Prison, 972 F.3d 310, 320–21 (3d Cir. 2020) (quoting Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local 70 of Alemeda Cnty, 415 U.S. 423, 439 & n.14 ( 1974) (Rule 65(b)'s stringent requirements restrict *ex parte* TRO's to "preserving the status quo" and "preventing irreparable harm" only for the time "necessary to hold a hearing, and no longer"). This motion for extension of time to file an order to show cause will be dismissed as moot.

An appropriate Order follows.

DATE:  **February 18, 2022**

                                                   s/Renée Marie Bumb
                                                   **RENÉE MARIE BUMB**
                                                   **United States District Judge**