UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| PETER L. CARATINI,<br><br>        Plaintiff,<br><br>   v.<br><br>ADMINISTRATOR JOHN POWELL,<br>et al.,<br><br>      Defendants | Civ. No. 20-8924 (RMB-MJS)<br><br>**OPINION** |

BUMB, District Judge

This matter comes before the Court upon Plaintiff's motion to accept the delayed filing of his Third Amended Complaint. (Docket No. 23.) For the reasons discussed below, the Court will grant Plaintiff's motion to accept his belated third amended complaint for good cause, and will proceed in part and dismiss in part the third amended complaint upon *sua sponte* review for dismissal.

## I.   PROCEDURAL HISTORY

Plaintiff Peter L. Caratini, was a prisoner confined in South Woods State Prison ("SWSP") in Bridgeton, New Jersey, when he filed this civil rights action in the United States District Court, Eastern District of Pennsylvania on June 15, 2020. (Compl., Docket. No. 2.) Venue was transferred to this Court on June 25, 2020. (Transfer Order, Docket. No. 4.) This Court administratively terminated the matter because Plaintiff failed to pay the filing fee or submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Orders, Docket. Nos. 7. 9.) On November 2, 2020, Plaintiff submitted an

1

amended complaint and subsequently paid the filing fee. (Am. Compl., Docket No. 11.)
By Opinion and Order dated May 14, 2021, this Court dismissed the amended complaint
in part with prejudice, based on the statute of limitations, and in part without prejudice.
This Court further granted Plaintiff leave to file a second amended complaint, and to file
a motion for reconsideration of the claims dismissed based on the statute of limitations, if
Plaintiff had any grounds for tolling. (Opinion and Order, Docket Nos. 13, 14.)

Plaintiff filed a motion for reconsideration on August 19, 2021, and filed a second
amended complaint on October 1, 2021. (Mot. for Reconsideration, Docket No. 18;
Second Amended Compl., Docket No. 19.) By Opinion and Order dated February 18,
2022, this Court: (1) granted in part and denied in part Plaintiff's motion for
reconsideration and vacated the dismissal of claims based on the statute of limitations; (2)
dismissed Plaintiff's second amended complaint without prejudice for failure to state a
claim; and (3) granted Plaintiff leave to file a third amended complaint.  (Opinion and
Order, Docket Nos. 21, 22.) For good cause shown, this Court will grant Plaintiff's
motion to accept his third amended complaint as within time.  The Court must now
screen the third amended complaint for *sua sponte* dismissal pursuant to 28 U.S.C. §
1915A(b) and 42 U.S.C. § 1997e(c).

## II.    *SUA SPONTE* DISMISSAL

When a prisoner pays the filing fee for a civil action regarding prison conditions
and seeks redress from a governmental entity, officer or employee of a governmental
entity, 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c) require courts to review the
complaint and sua sponte dismiss any claims that are (1) frivolous or malicious; (2) fail to

state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.Gamble*, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.*

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.   DISCUSSION

### A.   The Third Amended Complaint

Plaintiff brings civil rights claims under 42 U.S.C. § 1983 for violation of the First and Eighth Amendments against sixteen defendants arising out of his incarceration in South Woods State Prison and Northern State Prison in the years of 2016-2019.  Plaintiff was previously advised that an amended complaint supersedes prior complaints. (Opinion, Docket No. 21 at 2-3.) Therefore, an amended complaint must contain all of the legal claims and all of the factual allegations in support of those claims.  With that in mind, this Court reviews the Third Amended Complaint to determine whether Plaintiff has alleged sufficient facts to state a cognizable claim. Plaintiff alleges the following facts, accepted as true at the screening stage of the complaint, while ignoring purely legal conclusions.

In the year 2016, Lisa Swift was the Assistant Superintendent of South Woods State Prison, where Plaintiff was incarcerated. Assistant Superintendent Swift altered a Department of Corrections ("DOC") document to frame Plaintiff for a prison infraction and send him to administrative segregation. Lieutenant P. Shepard, Sergeant J. Kuhlen, Sergeant S. Hunter, Corrections Officer A. Hernandez, Corrections Officer R. Sweeney, and Corrections Officer A. Dooley signed the incident report that contained the fraudulent disciplinary charge against Plaintiff. As a result, Plaintiff was confined in administrative segregation in South Woods State Prison, and transferred to administrative segregation in Northern State Prison for 170 days. While he was in administrative segregation as South Woods State Prison, Plaintiff was physically

4

assaulted by another inmate, causing him to suffer from broken bones and mental trauma. His pleas for medical treatment were ignored.

It is not clear whether the physical assault that occurred in administrative segregation at South Woods State Prison is related to Plaintiff's claim that Sergeant D. Dilks instructed Housing Officer Ms. Thompson, over the course of 60 days, to place gang members and drug addicts in Plaintiff's cell, one at a time, with the intention that they would physically assault Plaintiff. Presumably years later, Plaintiff alleges that Sergeant D. Dilks intentionally housed him with inmates who were unvaccinated against COVID-19, for the purpose of causing his hospitalization or death, given that he was 64-years old. Plaintiff learned that Sergeant Dilks was also planning to plant narcotics or a weapon in his cell, so that he would draw a disciplinary charge and be moved to administrative segregation.

Cyndy Sweeney was the Associate Administrator of Northern State Prison in 2016, when Plaintiff was temporarily housed in administrative segregation there. Plaintiff informed Associate Administrator Sweeney in writing that the disciplinary charge against him in South Woods State Prison had been falsified, but she failed to act on his complaint.

Ms. Dana Sheehan was the Mailroom Sergeant at South Woods State Prison from 2016 through 2018, and she purposely obstructed Plaintiff's outgoing, privileged legal mail sent to the United States District Court, District of New Jersey. Sergeant Sheehan obstructed Plaintiff from filing his first complaint in this Court in the years 2016 and 2017.

Nurse Lisa Mills was Plaintiff's medical provider at South Woods State Prison from 2017 through 2019. She performed Plaintiff's physical examinations in only thirty seconds and ignored his physical complaints during all of his visits. Plaintiff suffered pain due to this lack of medical treatment. Nurse Practitioner Ms. Williams Hall ignored Plaintiff's medical complaints during his chronic care visits in 2019 and 2020, and failed to order medication and treatments prescribed by a specialist who treated him at the prison. Dr. Heshan Soliman was the Medical Director of the NJDOC, and he failed to act from 2017 through 2020, when Plaintiff informed him in writing that the medical providers at South Woods State Prison were incompetent and negligent in treating him.

Plaintiff also alleges that his First Amendment right to free exercise of religion, as a Jewish inmate, was violated by some undisclosed actions taken by unnamed persons during the Jewish holidays in 2017 and 2019, which caused him mental and physical harm. Plaintiff seeks to hold liable the previous administrators of South Woods State Prison, John Powell and Willie Bonds, whom he advised in writing of the violation of his rights, which they failed to address. For relief on each of these claims, Plaintiff seeks declaratory judgment, a preliminary injunction to protect his safety, and monetary damages.

## B.    Claims under 42 U.S.C. § 1983

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by
the Constitution and laws, shall be liable to the party injured in
an action at law, suit in equity, or other proper proceeding for
redress….

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the

violation of a right secured by the Constitution or laws of the United States and, second,

that the alleged deprivation was committed or caused by a person acting under color of

state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250,

1255–56 (3d Cir. 1994).

> **1.   First and Eighth Amendment claims against John Powell and
> Willie Bonds, Administrators of South Woods State Prison**

Supervisors are not vicariously liable under § 1983 for their subordinates'

constitutional violations.  *Iqbal*, 556 U.S. at 676. Rather, there are two ways in which

supervisors may be liable for the unconstitutional acts of their subordinates. First,

supervisors may be liable "if they 'participated in violating plaintiff's rights, directed

others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in

[their] subordinates' violations.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 (3d Cir.

2010) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 n.5

(3d Cir.2004) (second alteration in original). Second, supervisors may be liable if they,

"with deliberate indifference to the consequences, established and maintained a policy,

practice or custom which directly caused [the] constitutional harm." *A.M. ex rel J.M.K.*,

372 F.3d at 586. Failure to train and failure to supervise claims are a subcategory of

policy and practice liability.  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307,  316 (3d Cir.

2014), *cert. granted, judgment rev'd sub nom. Taylor v. Barkes*, 575 U.S. 822 (2015). To

succeed on such a claim, a plaintiff must

> identify a supervisory policy or procedure that the supervisor
> defendant failed to implement, and prove that: (1) the policy or
> procedures in effect at the time of the alleged injury created an
> unreasonable risk of a constitutional violation; (2) the
> defendant-official was aware that the policy created an
> unreasonable risk; (3) the defendant was indifferent to that risk;
> and (4) the constitutional injury was caused by the failure to
> implement the supervisory procedure.

*Id.* at 330 (citations omitted). With respect to a claim of failure to train, "for liability to attach ... the identified deficiency in a … training program must be closely related to the ultimate injury." *Sample v. Diecks*, 885 F.2d 1099, 1117 (3d Cir. 1989) (quoting *City of Canton v. Harris*, 489 U.S. 378, 391 (1989)).

Although Plaintiff alleges that he advised Powell and Bonds in writing of the actions taken against him during the Jewish holidays in 2017 and 2018, and that those actions subjected him to physical and mental abuse, Plaintiff has not alleged what actions were taken against him. Without knowing what was allegedly done to Plaintiff to cause physical and mental harm, this Court cannot determine whether his right to free exercise of religion was impermissibly burdened or whether he was subjected to cruel and unusual punishment in violation of the Eighth Amendment. Moreover, even if this Court construed Plaintiff as raising a Fourteenth Amendment Equal Protection claim,[1] Plaintiff has not alleged that Powell or Bonds had prior knowledge of and acquiesced in discriminatory acts against Jewish inmates who were treated differently than similarly-

---

[1] To establish a Fourteenth Amendment Equal Protection claim, a plaintiff must allege "treatment different from others with whom he or she is similarly situated and that the unequal treatment is the result of intentional discrimination" and then, courts must determine what level of scrutiny applies to the claim under the circumstances. *Hassan v. City of New York*, 804 F.3d 277, 298-99 (3d Cir. 2015), *as amended* (Feb. 2, 2016).

situated inmates, or that the acts were repeated and constituted a pattern of constitutional violations that the administrators ignored and allowed to continue. These claims will be dismissed without prejudice.

### 2.     Eighth Amendment claims of false disciplinary charges

Plaintiff alleges that in 2016, Lisa Swift, former Assistant Superintendent of South Woods State Prison, altered a document in order to frame Plaintiff for a disciplinary charge, resulting in his placement in administrative segregation. Plaintiff further alleges that  Lieutenant P. Shepard, Sergeant J. Kuhlen, Sergeant S. Hunter, Corrections Officer A. Hernandez, Corrections Officer R. Sweeney, and Corrections Officer A. Dooley signed the incident report that contained the fraudulent disciplinary charge against Plaintiff. A prisoner may invoke the Eighth Amendment, rather than the Due Process Clause, for protection "from arbitrary state action even within the expected conditions of confinement.") *Allah v. Seiverling*, 229 F.3d 220, 223–24 (3d Cir. 2000) (quoting *Sandin v. Conner*, 515 U.S. 472, 487 n. 11 (1995)). Therefore, these claims may proceed.

Plaintiff also seeks to hold Assistant Director Cyndy Sweeney of Northern State Prison liable for housing him in administrative segregation after he wrote to her and explained that the disciplinary charges against him at South Woods State Prison were fraudulent. Plaintiff does not allege that Assistant Director Sweeney was involved in falsifying the charges against him nor does he allege that she knew he had been exonerated of the disciplinary charge but refused to release him from disciplinary segregation. Therefore, Plaintiff has failed to allege Assistant Director Sweeney's personal involvement in a constitutional violation, and this claim will be dismissed

without prejudice.

### 3.   First Amendment free exercise of religion and Eighth Amendment claims Against Major Oliver Keller, South Woods State Prison

Plaintiff alleges that Major Oliver Keller was complicit in violating his First Amendment right to free exercise of religion and in imposing cruel and unusual punishment on him in violation of the Eighth Amendment at South Woods State Prison in 2017 and 2018, which resulted in mental harassment and physical cruelty towards him during the Jewish holidays. Without describing the actions taken against him, Plaintiff fails to state an impermissible burden on his free exercise of religion or that Major Keller subjected him to cruel or unusual punishment in violation of the Eighth Amendment. These claims will be dismissed without prejudice.

### 4.   First Amendment claim against Sergeant Dana Sheehan

Plaintiff alleges that Sergeant Dana Sheehan at South Woods State Prison obstructed all of his outgoing legal mail sent to the United States District Court, District of New Jersey. Prisoners have a First Amendment right of access to the courts. *Caldwell v. Beard*, 305 F. App'x 1, 3 (3d Cir. 2007) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)).  To state a § 1983 claim for violation of the First Amendment right of access to the courts, a plaintiff must allege an actual injury to his ability to litigate a claim. Id. This Court has permitted Plaintiff's claims, which arose more than two years prior to filing the original complaint in this matter, to proceed based on his claim for equitable tolling of the two-year statute of limitations because he was allegedly obstructed from timely filing his complaint.  (Opinion and Order, Docket Nos. 21 and 22.) Plaintiff has not alleged that obstruction of his outgoing legal mail adversely affected his ability to litigate any other

claim.  Therefore, this First Amendment access to courts claim will be dismissed without prejudice.

**5.     Eighth Amendment inadequate medical care and state law medical malpractice claims against Nurses Lisa R. Mills, Ms. Williams Hall,  and Medical Director Dr. Heshan Soliman**

These claims may proceed.

**6.     Eighth Amendment claim against Sergeant D. Dilks for failure to protect Plaintiff's safety**

Plaintiff alleges Sergeant D. Dilks failed to protect his safety when she intentionally arranged for him to be housed with cellmates who were gang members and drug addicts, and later with unvaccinated inmates.  To state an Eighth Amendment claim for failure to protect, a plaintiff must allege that a prison official actually knew of a substantial risk to inmate health or safety and failed to take reasonable steps to protect the inmate. *Farmer v. Brennan*, 511 U.S. 825, 839-44 (1994). Plaintiff has not alleged sufficient facts to establish that Sergeant Dilks knew that any of the inmates assigned as Plaintiff's cellmates posed a substantial risk of assaulting a cellmate. It is not enough to allege that his cellmates were gang members and drug addicts, something more is needed to create a reasonable inference that Sergeant Dilks knew Plaintiff was likely to be assaulted by a cellmate. Furthermore, the fact that Plaintiff, who is 64 years old and was housed with unvaccinated cellmates, is insufficient to establish that Sergeant Dilks was aware that this posed a substantial risk to Plaintiff's health from COVID-19.  Plaintiff has not alleged that any of his unvaccinated cellmates had COVID-19, were exposed to COVID-19, or that Plaintiff himself was unvaccinated. Moreover, other than his age, Plaintiff has not alleged that he has one of the medical risk factors that subject him to a greater chance of

hospitalization or death if he is infected with COVID-19. Therefore, the claims against Sergeant Dilks will be dismissed without prejudice.

###    C.    Request for Preliminary Injunction

Plaintiff generally seeks a preliminary injunction to prospectively protect his rights. "[A] movant for preliminary equitable relief … must demonstrate that [he/she] can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017) (citations omitted). Plaintiff's request for a preliminary injunction is too vague to meet this standard, and it will be denied without prejudice.

## IV.   CONCLUSION

For the reasons stated above, the Court will proceed in part and dismiss in part without prejudice the third amended complaint.

An appropriate Order follows.


**DATE:**      July 6, 2022

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge
