[ECF No. 31]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PETER L. CARATINI,

        Plaintiff,

v.

ADMINISTRATOR JOHN POWELL, et al.,

        Defendants.

Civil No. 20-8924 (RMB/MJS)

## OPINION AND ORDER

This matter comes before the Court by way of pro se plaintiff Peter L. Caratini's ("Plaintiff") motion to appoint pro bono counsel ("Motion"). ECF No. 31. The Motion is unopposed. The Court exercises its discretion to decide Plaintiff's Motion without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiff's Motion is **GRANTED**.

**BACKGROUND**

Plaintiff is an inmate at South Woods State Prison in Bridgeton, New Jersey. He filed this action originally in the United States District Court for the Eastern District of Pennsylvania on June 15, 2020. ECF No. 2. The case was transferred to this District on June 25, 2020. ECF No. 4.

The Court administratively terminated Plaintiff's case on July 17, 2020, because the Court found that Plaintiff's 307-page complaint was not "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure 8(a) and Plaintiff neither paid the filing fee nor submitted a completed application to proceed in forma pauperis ("IFP"). ECF No. 7. Plaintiff requested that the case be reopened on August 12, 2020 [ECF No. 8] and the Court again issued an order advising Plaintiff of the procedural steps he needed to take before the Court could reopen the case [ECF No. 9].

Plaintiff submitted an amended complaint [ECF Nos. 10-11] in October and November of 2020 and paid the filing fee on May 4, 2021.

Because Plaintiff paid the filing fee, the Court screened the complaint pursuant to 28 U.S.C. § 1915A(b)(1). On May 14, 2021, the Court dismissed with prejudice Plaintiff's Section 1983 claims that were based on events alleged to have occurred between 2016 and 2018 as barred by the statute of limitations. ECF Nos. 13-14. The Court also dismissed without prejudice the remainder of Plaintiff's Section 1983 claims as insufficiently pleaded or too vague to demonstrate the elements of the claims. Id. The Court granted Plaintiff leave to file a second amended complaint and to file a motion for reconsideration of the claims dismissed based on

the statute of limitations if Plaintiff could assert a doctrine of equitable tolling. Id.

Plaintiff filed the motion for reconsideration on August 9, 2021 [ECF No. 18] and the second amended complaint on October 1, 2021 [ECF No. 19].[1] On February 18, 2022, this Court: 1) granted in part and denied in part Plaintiff's motion for reconsideration and vacated the Court's previous dismissal of the Section 1983 claims based on events that allegedly occurred between 2016 and 2018; 2) dismissed Plaintiff's second amended complaint without prejudice for failure to state claims; and 3) granted Plaintiff leave to file a third amended complaint. ECF Nos. 21-22.

On April 1, 2022, Plaintiff filed a motion "to except [sic] the delayed filing of his third amended complaint." ECF No. 23. On July 6, 2022, this Court granted Plaintiff's motion and screened the third amended complaint. ECF No. 24. The only claims permitted to proceed were Plaintiff's Eighth Amendment claims of false disciplinary charges [ECF No. 24 at 9] and inadequate medical care and Plaintiff's state law medical malpractice claims [Id. at 11]. The Court also granted Plaintiff leave to file a fourth amended complaint. ECF No. 25 at 3.

On August 30, 2022, Plaintiff returned his completed United States Marshal ("Marshal") 285 Forms ("USM-285 Form") to the

---

[1] The Court had granted Plaintiff an extension of time to file both motions. ECF No. 16.

Clerk's Office and filed a motion to "except [sic] the filing of his fourth amended complaint" [ECF No. 29], a motion for an "order to show cause for a preliminary injunction or a declaratory judgement" [ECF No. 30], and the current Motion [ECF No. 31].

On October 24, 2022, the summons for defendant Heshan Soliman was returned unexecuted because he no longer works for the New Jersey Department of Corrections. On November 1, 2022, the summonses for the following defendants were returned unexecuted: Lisa Swift (no longer employed – retired); R. Sweeney (no longer employed – retired); S. Hunter (no longer employed – retired); and Williams Hall (no longer employed). ECF No. 32. Additionally, on November 30, 2022, the summonses for the following defendants were returned unexecuted: A. Hernandez (no first name, would not accept) and P. Shepard (incorrect spelling of name, would not accept). ECF No. 33.

The summons for defendant Lisa R. Mills was returned executed on December 21, 2022 [ECF No. 34] and the summons for defendant J. Kuhlen was returned executed on December 28, 2022 [ECF No. 35].

On January 13, 2023, the State requested an extension of time to file a responsive pleading [ECF No. 36], which the Court granted on January 18, 2023 [ECF No. 37]. The State requested further extensions of time[2] on February 9, 2023 [ECF No. 38], which the

---

[2]  The State's second and third requests for an extension to file a responsive pleading were filed on behalf of defendants Dooley

Court granted on February 10, 2023 [ECF No. 39], and on March 2, 2023 [ECF No. 40], which the Court will address herein.

**Discussion**

Motions for the appointment of pro bono legal counsel are governed under 28 U.S.C. § 1915(e). While this statute provides district courts broad discretion to grant counsel for indigent litigants, it does not guarantee indigent civil litigants a constitutional nor statutory right to appointed counsel. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002); see also Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011) (citation omitted).

As a preliminary matter, before evaluating the applicant's request for pro bono counsel, the Court must determine whether the litigant's underlying claims have "some merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). While the Court dismissed many of Plaintiff's claims, the Court permitted his Eighth Amendment claims of false disciplinary charges against seven defendants and his Eighth Amendment inadequate medical care and state law medical malpractice claims to proceed against three defendants. ECF Nos. 24-25. This is sufficient to show that

---

and Kuhlen [ECF Nos. 38, 40], whereas the State's first request for an extension was filed on behalf of defendants Mills and Kuhlen [ECF No. 36]. The Court notes that whether defendant Dooley's summons was returned executed or unexecuted has not been filed on the docket.

Plaintiff's claims have at least some merit in fact and law. See Shakur v. N.J. State Prison Med. Dept., Civ. No. 19-14994, 2022 WL 970225, at *2 (D.N.J. March 31, 2022) (understanding that the plaintiff's claims have "at least some merit" because the claims "have been allowed to proceed"); Cagno v. Ivery, Civ. No. 19-20384, 2021 WL 1788520, at *3 (D.N.J. May 5, 2021) (noting "[the] [p]laintiff's claims, which survived the Court's initial screening, clearly have arguable merit in fact and law").

Determining for the purpose of this Motion that Plaintiff has satisfied this preliminary burden,[3] the Court now examines Plaintiff's request for pro bono counsel. The following factors should be considered when evaluating Plaintiff's request:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-56, 157 n. 5). None of the above factors are

---

[3] This conclusion is for the purpose of this Motion only. The Court reserves the right to adjudicate the merits of Plaintiff's claims in the future.

individually determinative, and the list is not exhaustive. Id. at 458.

In this case, the Tabron factors support granting Plaintiff's Motion. As to factor one, the Court finds that Plaintiff's filings with the Court do not reflect an ability to represent himself. Cf. Ramirez Rodriguez v. Gorman, Civ. No. 19-9104, 2020 WL 91063, at *2 (D.N.J. January 8, 2020) (noting plaintiff's continuation of filings and communication with the court amounts to sufficient ability to present his case).

Initially, Plaintiff filed the case in the Eastern District of Pennsylvania, which was the wrong venue. ECF No. 6. Additionally, this case was originally filed in 2020 but it appears that only two or three of the ten defendants have been served.[4] ECF Nos. 1, 34-35. Although Plaintiff filled out the summonses for the other seven defendants, they were returned unexecuted for

---

[4] The summonses for only two defendants – Mills and Kuhlen – were returned executed and filed on the docket [ECF Nos. 34-35] and counsel for the State of New Jersey, Office of the Attorney General (the "State") has not said that any defendant has waived service. However, the State requested an extension of time to file a responsive pleading on behalf of Dooley [ECF Nos. 38, 40], signifying to the Court that Dooley has been served. The Court also notes that defendant Mills, whose summons was returned executed and on behalf of whom the State requested its first extension to file a responsive pleading [ECF No. 36], was missing from the State's second and third requests for further extensions, in which Dooley was seemingly mentioned instead [ECF Nos. 38, 40]. Accordingly, the State shall file a letter on the docket by **March 10, 2023** clarifying which of the defendants have been served or have agreed to waive service.

various reasons, including because some of the defendants have since retired, or their names were misspelled or incomplete on the summonses. ECF Nos. 32-33. Plaintiff has not demonstrated that he is able to obtain the information needed to re-serve these defendants and correct the errors present in the first round of summonses.

Additionally, Plaintiff has had difficulty sufficiently asserting claims and naming defendants, as evidenced by the Court granting him leave to filed four amended complaints. Each of his complaints have had significant issues. For example, his original complaint was 307 pages long [ECF No. 2] and filed in the wrong venue [ECF Nos. 4, 6] and most of the claims in his first amended complaint were dismissed because they did not contain sufficient factual allegations.[5] Id. at 6-21; ECF No. 14. Plaintiff also filed many of his motions past the Court's deadlines without always seeking an extension [ECF Nos. 15, 23, 29].

In sum, the Court finds that Plaintiff's need to amend his complaint four times, failure to sufficiently state claims and properly name defendants, dilatory filings, and inability to serve

---

[5] The other claims in his first amended complaint were dismissed based on the statute of limitations [ECF No. 13 at 5] but were eventually reinstated after the Court granted that part of his motion for reconsideration [ECF No. 18], finding that an equitable tolling doctrine applied. ECF Nos. 21-22.

the majority of defendants demonstrate his inability to represent himself.[6]

The second factor the Court addresses is the complexity of the legal issues in the case. The Court permitted Plaintiff's Eighth Amendment claims, based on his allegations that he received false disciplinary charges and inadequate medical care, to proceed, as well as his state law medical malpractice claims. ECF No. 24. Given the complex nature of medical malpractice claims and the various technical requirements by which Plaintiff must abide to prosecute them, such as submitting an affidavit of merit, the United States Court of Appeals for the Third Circuit has held that appointment of pro bono counsel is appropriate when a plaintiff brings such claims. See Parham, 126 F.3d at 460 (noting "[a] medical malpractice case involves complex facts and medical records that even most lawyers struggle to comprehend"); see also Robins v. Robins-McCafferty, Civ. No. 14-115, 2015 WL 6951693, at *4 (D.N.J. Nov. 9, 2015) ("Plaintiff will have to secure an affidavit of merit to proceed with his claims . . . . Performing

---

[6] Plaintiff's contentions in his Motion support the Court's finding that he is unable to represent himself. He wrote that he needs pro bono counsel because his "complaint has reached a critical stage at this point! And I believe that I now need the guiding hands of counsel in all future proceedings with the United States District Court in my complaint. Which is something that only a lawyer will be able to address with any and all legal issues with the Court in person which I can not do at this time!" ECF No. 31.

th[is] undertaking[] from prison absent the assistance of an attorney would prove exceedingly difficult.").

Additionally, medical malpractice claims require greater factual investigation, see Colston v. Corr. Med. Servs., 256 F. App'x. 551, 553-54 (3d Cir. 2007) (noting medical malpractice cases "generally require greater factual investigation than prisoners are able to conduct on their own"), and expert testimony, see, e.g., Parham, 126 F.3d at 460 (noting "appointed counsel will have a much better opportunity to obtain an expert than would an indigent prisoner"); Farmer v. Lanigan, Civ. No. 12-5716, 2015 WL 3448081, at *3 (D.N.J. May 28, 2015) ("[T]he inadequate medical treatment claims will require an expert witness, and are essentially dispositive in appointing pro bono counsel."); Benjamin v. Pendese, Civ. No. 06-635, 2007 WL 1946665, at *3 (D.N.J. June 28, 2007). This weighs in favor of appointing pro bono counsel. The Court finds, on the record before it, that Plaintiff is not in a position to retain experts, review medical records, and generally litigate a medical malpractice claim in his current incarcerated state.[7]

---

[7] The Court also notes that the large number of defendants in this case may require several depositions, making it more likely that the case will turn on credibility determinations. This also weighs in favor of granting pro bono counsel because, based on this record, the Court finds Plaintiff will not be able to effectively examine the witnesses. See Watkins v. Merriel, Civ. No. 12-4851, 2013 WL 5435322, at *5 (D.N.J. Sept. 27, 2013) (appointing pro

Lastly, the Court notes that Plaintiff is not proceeding IFP in this case, however he wrote in his application that he has been unable to retain counsel due to his "lack of funds which are very limited and [his] incarceration!" ECF No. 31 at 3. The Court finds this factor weighs neither for nor against granting Plaintiff's Motion. For the forgoing reasons,

**IT IS** on this **3rd** day of **March 2023**,

**ORDERED** that Plaintiff's Motion for pro bono counsel is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall request an attorney from the Civil Pro Bono Panel. However, while the Court has granted the request seeking appointment of pro bono counsel and is directing that an attorney be selected, the Court cautions Plaintiff that there is no guarantee that an attorney will be willing to accept Plaintiff's case; and it is further

**ORDERED** that service on the remaining unserved defendants shall be effected within **ninety (90) days**; and it is further

**ORDERED** that defendants shall file a consolidated responsive pleading **thirty (30) days** after the completion of service; and it is further[8]

---

bono counsel in part because "credibility issues are likely to become a critical factor in the depositions of the parties.").

[8] This addresses the State's request for a further extension of time to file a responsive pleading [ECF No. 41].

**ORDERED** that the State shall file a letter on the docket by **March 10, 2023** as directed in footnote 4 herein.

                                                <u>s/ Matthew J. Skahill</u>
                                                MATTHEW J. SKAHILL
                                                United States Magistrate Judge

cc: Hon. Renée Marie Bumb
    Chief United States District Judge